**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AHMED AMR,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>SHARON WHITTAKER; ANTHONY KELLY,<br><br>        Defendants-Appellees. | No. 19-35429<br><br>D.C. No. 2:19-cv-00043-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Ahmed Amr appeals pro se from the district court's judgment dismissing his action alleging a violation of 18 U.S.C. § 1519 and other claims stemming from defendants' alleged mishandling of court documents. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6).  *Thompson v. Paul*, 547 F.3d 1055, 1058 (9th Cir. 2008).  We may affirm on any basis supported by the record, *id.* at 1058-59, and we affirm.

Dismissal of Amr's action was proper because Amr failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."); *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002) (absolute quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function").

The district court did not abuse its discretion by denying Amr's motion for recusal of the district judge because Amr failed to establish any ground for recusal. *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (setting forth standard of review and circumstances requiring recusal).

We reject as without merit Amr's contention that the district judge violated Amr's due process rights or otherwise acted improperly.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**